OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
*825 The trial court in this case made no inquiry on the record to ascertain whether the defendant was aware of the potential risks inherent in defense counsel’s joint representation of defendant and James Barclay, a codefendant. This failure to inquire is reversible error if there is a “significant possibility” of conflict of interest between defendant and Barclay. (See, e.g., People v Macerola, 47 NY2d 257, 264; People v Baffi, 49 NY2d 820, 822.) Here, defendant and Barclay were both alleged to have had possession of certain proceeds of a crime. Had they been represented by separate counsel, each might have attempted to show that the fruits of the crime were in the sole possession of the other. Hence, a “significant possibility” of conflict of interest is apparent in the record and the trial court’s failure to inquire into defendant’s awareness of the risks inherent in joint representation must result in a reversal of defendant’s conviction.
We note also that inasmuch as both the trial court’s failure to make any inquiry and the conflict of interest between defendant and Barclay are discernible from the record, the question of whether defendant was deprived of the effective assistance of counsel is appropriate for resolution on defendant’s direct appeal from his conviction. While it is true that claims of ineffective assistance of counsel often involve factual questions which can best be addressed in a collateral or postconviction proceeding brought under CPL 440.10 (see People v Brown, 45 NY2d 852, 854), where, as here, the record discloses that reversible error has occurred below, defendant should not be relegated to such collateral proceedings to obtain relief.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.