■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MANCUSO, Appellant. [649 NYS2d 447] —Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Feldman, J.), dated December 10, 1993, as upon, in effect, granting his motion to renew a prior order of the same court, dated November 13, 1992, which had denied the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Corso, J.), rendered May 11, 1978, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, adhered to its original determination.

Ordered that the order is affirmed insofar as appealed from.

The defendant moved pursuant to CPL 440.10 to vacate a judgment of conviction rendered May 11, 1978. The defendant contends, among other things, that certain documents and letters which he acquired through Freedom of Information Law requests indicate that the sole nonaccomplice witness against him had lied when he testified that the only deal he had with the prosecutors regarding his testimony was that, after his testimony, the prosecutors would write a letter to the New Jersey authorities, where the witness was incarcerated on an unrelated crime, informing them of his cooperation. The defendant argues that the failure of the People to turn these documents over at trial constitutes *Rosario (see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) and/or *Brady (see, Brady v*

*Maryland,* 373 US 83) violations, and that he was prejudiced thereby because these documents would have revealed the witness's true motive in testifying. We disagree.

The documents relied most heavily upon by the defendant are a letter written by the People to the New Jersey authorities and a form indicating that the New Jersey authorities advanced the witness's parole date as a result of his cooperation. These documents were generated after the witness had testified, and were entirely consistent with the witness's testimony regarding his agreement with the prosecution. Thus, assuming, arguendo, that these documents did constitute either *Rosario* or *Brady* material, there is no reasonable possibility that the People's failure to turn them over at trial affected the verdict *(see generally, People v Jackson,* 78 NY2d 638; *People v Vilardi,* 76 NY2d 67; *compare, People v Cwikla,* 46 NY2d 434).

The defendant's remaining contentions are without merit. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.