vehicle. The police officer who saw the defendant, before he fled from a vehicle checkpoint, observed the defendant from within three feet. When he was arrested, the defendant was wearing clothing which matched the descriptions given by the complainant and the police officer and the defendant possessed the sum of money which the complainant said was robbed from him. In addition, both the complainant and the police officer made an in-court identification of the defendant. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO LOPEZ, Appellant. [672 NYS2d 765] —Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Owens, J.), rendered November 16, 1995, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant's claim that he was deprived of an opportunity to address the court at the time of his resentencing, in violation of CPL 380.50 (1) is unpreserved for appellate review (see, People v Green, 54 NY2d 878; People v Ramirez, 236 AD2d 564; People v Colon, 210 AD2d 247). In any event, the record indicates that the resentencing court substantially complied with the requirements of the statute (see, People v McClain, 35 NY2d 483, 491-492, cert denied sub nom. Taylor v New York, 423 US 852; People v Colon, supra). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MADDEN, Appellant. [672 NYS2d 768] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 9, 1996 (People v Madden, 234 AD2d 394), affirming a judgment of the Supreme Court, Kings County, rendered November 16, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Miller, J. P., Ritter, Copertino and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MANCUSO, Appellant. [672 NYS2d 768] —Application by the appellant for a writ of error coram nobis to vacate, on the