■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTIN, Appellant. [912 NYS2d 423]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 10, 1999 (*People v Martin*, 261 AD2d 488 [1999]), affirming a judgment of the Supreme Court, Queens County, rendered April 1, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN McCANT, Appellant. [912 NYS2d 422]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 22, 2010, convicting him of rape in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of an opportunity to address the County Court at the time of his sentencing, in violation of CPL 380.50, is unpreserved for appellate review (*see People v Green*, 54 NY2d 878 [1981]; *People v Chin*, 69 AD3d 752 [2010]; *People v Chi Fong Chen*, 56 AD3d 488 [2008]; *People v Ramirez*, 236 AD2d 564 [1997]). In any event, the record indicates that the County Court substantially complied with the requirements of the statute (*see People v McClain*, 35 NY2d 483, 491-492 [1974], *cert denied sub nom. Taylor v New York*, 423 US 852 [1975]; *People v Lopez*, 250 AD2d 707 [1998]; *People v Colon*, 210 AD2d 247 [1994]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.