THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS HERRERA, Also Known as RONALD DOUGLAS HERRERA-CASTELLANOS, Appellant. [951 NYS2d 888]—

The defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's claim that counts six and seven of the indictment, which both charge him with murder in the first degree while in the course of committing sexual abuse in the first degree, are multiplicitous, is unpreserved for appellate review (*see People v Cruz*, 96 NY2d 857, 858 [2001]; *People v Clymer*, 26 AD3d 443 [2006]; *People v Aarons*, 296 AD2d 508 [2002]; *People v Webb*, 177 AD2d 524, 525 [1991]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.