■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CAMINO, Also Known as CAESAR, Appellant. [963 NYS2d 591]—Appeal by the defendant from a resentence of the Supreme Court, Nassau County (McCormack, J.), imposed October 12, 2011, upon his conviction of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, upon his plea of guilty, the resentence being, upon the People's consent, no periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed by the same court (Kowtna, J.) on April 7, 2000.

Ordered that the resentence is affirmed.

The defendant's contention that the Supreme Court improperly resentenced him without obtaining an updated presentence report is unpreserved for appellate review (*see* CPL 470.05 [2];

*People v McGinn*, 96 AD3d 977 [2012]; *People v Gledhill*, 91 AD3d 886 [2012]; *People v Mannina*, 89 AD3d 1038, 1038-1039 [2011]) and, in any event, is without merit (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]; *People v Watkins*, 71 AD3d 799 [2010]; *People v Jandelli*, 158 AD2d 620 [1990]; *People v Navarro*, 91 AD2d 618 [1982]).

The defendant's contention that the Supreme Court did not afford either the prosecutor or defense counsel the opportunity to make a statement with respect to the resentence, and did not ask the defendant if he wished to make a statement on his own behalf, in violation of CPL 380.50 (1), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v McGinn*, 96 AD3d at 978; *People v McCant*, 79 AD3d 908 [2010]; *People v Chin*, 69 AD3d 752, 753 [2010]) and, in any event, is without merit (*see People v McClain*, 35 NY2d 483, 491 [1974], *cert denied* 423 US 852 [1975]; *People v Regan*, 88 AD2d 664, 664-665 [1982]).

The defendant's remaining contention is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.