Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J), rendered July 29, 2011, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the admission into evidence of *731 three surveillance videotape recordings is without merit. Upon our review of the record, including the challenged recordings, we conclude that the Supreme Court did not improvidently exercise its discretion in admitting them into evidence (see generally People v Patterson, 93 NY2d 80, 84 [1999]; People v Griffin, 98 AD3d 688, 689 [2012]). The defendant’s claim that the equipment used to play the videotape recordings for the jury produced an indistinct image involves matter dehors the record and, therefore, may not be reviewed on direct appeal (see People v Ramos, 61 AD3d 783, 784 [2009]; People v Tetrault, 53 AD3d 558, 560 [2008]).
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in admitting rebuttal evidence of a prior bad act allegedly committed by the defendant against the complainant in late 2007. This evidence was relevant to the defendant’s motive, provided background information on the nature of the relationship between the defendant and the complainant, and refuted the defendant’s claims regarding the nature of their interactions leading up to the alleged crime at issue (see People v Gamble, 18 NY3d 386, 397-398 [2012]; People v Delancey, 94 AD3d 1015, 1016 [2012]; see generally People v Blair, 90 NY2d 1003,1004-1005 [1997]). The probative value of such evidence outweighed any prejudice to the defendant, particularly in light of the Supreme Court’s instructions to the jury regarding use of this evidence (see People v Delancey, 94 AD3d at 1016; People v Rock, 65 AD3d 558, 558 [2009]).
The Supreme Court nevertheless improvidently exercised its discretion in permitting the admission of evidence relating to two bad acts allegedly committed by the defendant subsequent to the charged crime, since the probative value of such evidence was minimal, and was outweighed by its prejudicial effect (see People v Bell, 217 AD2d 585, 586 [1995]). However, this error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that this error contributed to her conviction (see People v Daniels, 103 AD3d 807 [2013]; People v Walker, 84 AD3d 842, 843 [2011]). Under the circumstances of this case, the prejudicial effect of the evidence of the two subsequent bad acts “could not have added much to the effect of the evidence properly admitted” (People v Arafet, 13 NY3d 460, 468 [2009]).
The defendant’s contentions that the Supreme Court’s failure to instruct the jury with an alibi charge and a one-witness identification charge deprived her of a fair trial and constituted reversible error are unpreserved for appellate review (see CPL 470.05 [2]; People v Cox, 54 AD3d 684, 685 [2008]), and we *732 decline to review them in the exercise of our interest of justice jurisdiction (see People v Jones, 103 AD3d 753 [2013]; People v Herrera, 99 AD3d 813, 813 [2012]).
The defendant’s claim that she was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.