THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON Y. WILLIAMS, Appellant. [991 NYS2d 427]—

Appeals by the defendant from two judgments of the County Court, Suffolk County (Braslow, J.), both rendered March 21, 2012, convicting her of grand larceny in the second degree under indictment No. 735-11, and forgery in the second degree (two counts) under superior court information No. 2965-11, upon her pleas of guilty, and imposing sentences.

Ordered that the judgment under indictment No. 735-11 is affirmed; and it is further,

Ordered that the judgment under superior court information No. 2965-11 is modified, as a matter of discretion in the interest of justice, by vacating the provisions of the sentence directing the defendant to make restitution in a certain sum; as so modified, that judgment is affirmed.

In August 2011, the defendant was convicted of grand larceny in the second degree (Penal Law § 155.40) under indictment No. 735-11, upon her plea of guilty. The plea agreement called for a sentence not to exceed an indeterminate term of imprisonment of four to eight years, and the defendant's payment of restitution not to exceed a certain amount. The defendant was also adjudicated a second felony offender. While awaiting sentencing on that conviction, the defendant committed further crimes. In December 2011, she waived her right to be prosecuted by indictment and was arraigned on superior court information No. 2965-11. The defendant pleaded guilty under that superior court information to two counts of forgery in the second degree (Penal Law § 170.10), and she was promised a specific total aggregate sentence. In March 2012, at the outset of the sentencing

proceeding on both accusatory instruments, the defendant was notified that the County Court intended to impose an enhanced prison term and an enhanced amount of restitution on the conviction under indictment No. 735-11. The enhancements were specified. Upon being given an opportunity to address the court, neither the defendant nor defense counsel objected to the enhancements. The court then sentenced the defendant on the convictions under both accusatory instruments as a second felony offender. Under superior court information No. 2965-11, the defendant was sentenced to prison terms consistent with the plea agreement, but she was also ordered to pay restitution, notwithstanding that restitution was not part of the plea agreement under that accusatory instrument.

On appeal, the defendant raises numerous contentions with respect to the judgments. Initially, as the defendant correctly contends, she did not validly waive her right to appeal, inasmuch as the record fails to demonstrate that the defendant was made aware of the meaning of the right to appeal (see People v Bradshaw, 18 NY3d 257, 265 [2011]).

Turning to the merits, in connection with the conviction under indictment No. 735-11, the defendant was required to timely object to the court's imposition of restitution in order to preserve for appellate review her challenge thereto, since restitution was expressly made a part of the plea agreement (see People v Jerome, 110 AD3d 739, 740 [2013]). The defendant was also required to timely object to the court's imposition of an enhanced term of imprisonment to the extent that the enhancement was based on her violation of certain conditions of the plea agreement (see People v Browning, 44 AD3d 1067 [2007]). The defendant's contentions with respect to these two issues are unpreserved for appellate review (see People v McAlpin, 17 NY3d 936, 938 [2011]; People v Joy, 114 AD3d 809, 809 [2014]; People v Totesau, 112 AD3d 977, 978-979 [2013]; People v Woods, 110 AD3d 748, 748 [2013]; People v Jerome, 110 AD3d at 740), and we decline to reach them in the exercise of our interest of justice jurisdiction.

The preservation requirement does not apply to the defendant's contention that she was improperly sentenced as a second felony offender on her conviction of grand larceny in the second degree under indictment No. 735-11, since the defendant is essentially challenging the lawfulness of her sentence, and the facts underlying this contention appear on the face of the record (see People v Samms, 95 NY2d 52, 56-57 [2000]). Nonetheless, the defendant's contention in this regard is without merit, as the record demonstrates that the predicate offense was commit-

ted within the 10-year "look back" period of Penal Law § 70.06 (1) (b) (iv) and (v).

The preservation requirement does apply to the defendant's contention that she was improperly sentenced as a second felony offender on her convictions under superior court information No. 2965-11, since the facts underlying her contention in this regard do not appear on the face of the record (*see People v Nieves*, 2 NY3d 310, 315 [2004]; *cf. People v Samms*, 95 NY2d at 58; *People v Stanley*, 12 AD3d 467, 467 [2004]). Here, the defendant failed to preserve for appellate review her contention that she was improperly sentenced as a second felony offender on her convictions under superior court information No. 2965-11, inasmuch as she did not object to the court's adjudication of her as a second felony offender in connection with that accusatory instrument, and we decline to reach that contention in the exercise of our interest of justice jurisdiction.

The defendant likewise did not preserve for appellate review her contention that the County Court erred in ordering her to make restitution on the conviction under superior court information No. 2965-11 (*see People v Murray*, 15 NY3d 725, 726 [2010]; *cf. People v McAlpin*, 17 NY3d 936, 938 [2011]), but we reach that contention in the exercise of our interest of justice jurisdiction. A court may not impose restitution when restitution is not part of the plea agreement unless it first gives the defendant an opportunity to withdraw the plea of guilty (*see People v Pettress*, 109 AD3d 555, 555-556 [2013]; *People v Esquivel*, 100 AD3d 652, 652 [2012]; *People v Gibson*, 88 AD3d 1012, 1012 [2011]; *People v Kegel*, 55 AD3d 625, 625 [2008]). Unlike the plea agreement made in connection with the criminal action prosecuted under indictment No. 735-11, the defendant was never informed that restitution would be part of the plea agreement under superior court information No. 2965-11. Accordingly, the court improperly imposed restitution in that case without first giving the defendant an opportunity to withdraw her plea of guilty. The parties agree that the judgment entered under superior court information No. 2965-11 should be modified by deleting the provision regarding restitution, and we deem it appropriate to do so in the interest of justice (*see People v Thompson*, 105 AD3d 1067, 1067 [2013]).

The defendant's claim of ineffective assistance of counsel is based in part on matter on the record and in part on matter dehors the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the

record that the defendant was deprived of the effective assistance of counsel (*see People v Addison*, 107 AD3d 730, 732 [2013]; *cf. People v Crump*, 53 NY2d 824 [1981]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant failed to preserve for appellate review her contention that her sentences constituted cruel and unusual punishment (*see People v Gil*, 109 AD3d 484, 485 [2013]), and the record does not permit a full evaluation of the grounds on which the defendant bases this contention. We decline to reach the contention in the exercise of our interest of justice jurisdiction. Contrary to the People's contention, a contention that a sentence was excessive is not subject to preservation requirements. A claim that a sentence is excessive is, by definition (*see* CPL 470.15 [6] [b]), addressed to this Court's interest of justice jurisdiction, and does not need to be preserved as a question of law (*cf.* CPL 470.05 [2]; CPL 470.15 [4]). Nonetheless, the sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.