■ The People of the State of New York, Respondent, v Juan Renzo Mosquero, Appellant. [10 NYS3d 137]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered March 19, 2012, convicting him of course of sexual conduct against a child in the first degree and criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial due to the cumulative effects of comments made by the prosecutor during opening statements, cross-examination, and summation is unpreserved for appellate review (*see People v Howard*, 120 AD3d 1259 [2014]; *People v Belle*, 113 AD3d 630, 631 [2014]).

The defendant's contention, raised in his main brief and in his pro se supplemental brief, that he was deprived of the constitutional right to effective assistance of counsel is based, in part, on matter appearing on the record and, in part, upon matter appearing outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]; *People v Addison*, 107 AD3d 730, 732 [2013]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732).

The defendant's contentions raised in his pro se supplemental

brief are unavailing. The defendant's contention that the interpreter used during the trial was incompetent or made errors in translation such that he was denied a fair trial finds no support in the record. The defendant's argument that he was denied his right to testify before the grand jury is unpreserved for appellate review and, in any event, without merit (*see People v Dahlbender*, 23 AD3d 493, 493-494 [2005]; *People v Brooks*, 247 AD2d 486 [1998]). Additionally, we find no merit to the defendant's claim that his right to be present at sidebar conferences pursuant to *People v Antommarchi* (80 NY2d 247 [1992]) was violated. As to the defendant's contention that the trial transcripts are incorrect, his remedy was to move to resettle the transcript (*see People v Moreau*, 34 AD3d 499 [2006]). To the extent that it can be reviewed on this appeal, the defendant's contention that he was denied his right to a speedy trial is without merit. His contention relating to certain Family Court proceedings pertains to matter dehors the record, and therefore cannot be considered on this appeal.

Contrary to the defendant's further contention in his pro se supplemental brief, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.