■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE DUREN, Appellant. [13 NYS3d 512]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered December 12, 2012, as amended January 16, 2013, convicting him of murder in the second degree, attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal use of a firearm in the first degree, assault in the first degree (two counts), and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the admission of several autopsy photographs was proper, as the photos were "neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant" (*People v Byrd*, 116 AD3d 875, 876 [2014]; *see People v Wende*, 122 AD3d 884, 885 [2014]), but rather, were "properly admitted to illustrate and corroborate the testimony of the medical examiner who performed the autopsy" (*People v Lynch*, 92 AD3d 805, 806 [2012]).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence, as defense counsel did not base his motion to dismiss on any specific argument raised on appeal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance"

(*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Mallayev*, 120 AD3d 1358 [2014]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

As the People correctly concede, criminal possession of a weapon in the second degree is an inclusory count of criminal use of a firearm in the first degree, and under the circumstances of this case, the defendant could not have committed the crime of criminal use of a firearm without committing the crime of criminal possession of the same firearm (*see* CPL 300.40 [3] [b]; *People v Rogers*, 94 AD3d 1152, 1153 [2012]; *People v Fowler*, 45 AD3d 1372, 1374 [2007]). Accordingly, the convictions of criminal possession of a weapon in the second degree must be vacated, and those counts of the indictment dismissed.

The sentence imposed was not excessive (*see People v Howard*, 120 AD3d 1259, 1263-1264 [2014]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.