■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH GEORGE, Appellant. [14 NYS3d 905]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (D'Emic, J.), imposed July 3, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

A defendant who has validly waived the right to appeal cannot invoke this Court's interest of justice jurisdiction to obtain a reduced sentence (*see People v Lopez*, 6 NY3d 248, 255 [2006]). Here, however, this Court is not precluded from exercising its interest of justice jurisdiction because the defendant's purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (*see People v Bennett*, 115 AD3d 973, 973 [2014]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *People v Mayo*, 77 AD3d 683, 683-684 [2010]; *People v Olivier*, 48 AD3d 486, 486 [2008]; *cf. People v Sanders*, 25 NY3d 337 [2015]). Furthermore, although the defendant executed a written appeal waiver form, the transcript of the plea proceeding does not show that the defendant understood "the nature of the right to appeal and the consequences of waiving it" when he executed the written waiver (*People v Brown*, 122 AD3d 133, 142 [2014]). Under the circumstances of this case, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (*see id.*; *see generally People v Sanders*, 25 NY3d 337 [2015]; *People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 255; *People v Hidalgo*, 91 NY2d 733, 735 [1998]).

Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Chambers, Sgroi and Miller, JJ., concur.