■ The People of the State of New York, Respondent, v Andre Crosby, Appellant. [20 NYS3d 100]—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered December 13, 2013, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly or voluntarily entered is not preserved for appellate review because he did not move to vacate his plea or otherwise raise the issue before the Supreme Court (*see* CPL 470.05 [2]; *People v Jackson*, 114 AD3d 807 [2014]; *People v Folger*, 110 AD3d 736 [2013]). In any event, the contention is without merit, as the record of the plea proceedings reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 16-17 [1983]; *People v Soria*, 99 AD3d 1027 [2012]; *People v Gibson*, 95 AD3d 1033, 1033-1034 [2012]).

The defendant's purported waiver of his right to appeal was

invalid (*see People v George*, 131 AD3d 623 [2015]; *People v Brown*, 122 AD3d 133, 142 [2014]; *see generally People v Sanders*, 25 NY3d 337 [2015]; *People v Bradshaw*, 18 NY3d 257, 264-267 [2011]). However, the defendant's claim that he was deprived of his right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Duren*, 130 AD3d 842 [2015]; *People v Williams*, 120 AD3d 721, 724 [2014]; *People v Addison*, 107 AD3d 730, 732 [2013]; *People v Freeman*, 93 AD3d 805, 806 [2012]).

The defendant's claim that he was deprived of an opportunity to address the Supreme Court at the time of his sentencing, in violation of CPL 380.50, is unpreserved for appellate review (*see People v Green*, 54 NY2d 878, 880 [1981]; *People v McGinn*, 96 AD3d 977, 978 [2012]; *People v McCant*, 79 AD3d 908 [2010]). In any event, the contention is without merit, as the record indicates that the court substantially complied with the requirements of the statute (*see People v McClain*, 35 NY2d 483, 491-492 [1974]; *People v McCant*, 79 AD3d at 908; *People v Lopez*, 250 AD2d 707 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.