◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ROSADO, Appellant. [22 NYS3d 235]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered April 15, 2013, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Bochi*, 119 AD3d 811, 812 [2014]; *People v Landri*, 104 AD3d 791, 791 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see People v Pickens*, 60 AD3d 699, 701 [2009]; *People v Chung*, 39 AD3d 558, 559 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contentions, the trial court providently exercised its discretion by precluding the defendant from testifying about his injuries from a prior assault in which he was the victim (*see People v Black*, 90 AD3d 1066, 1067 [2011]; *People v Bowen*, 67 AD3d 1022, 1023 [2009]; *People v Celifie*, 287 AD2d 465, 466 [2001]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review, as his counsel raised no objection to those remarks (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Mamadou*, 129 AD3d 993, 994 [2015]; *People v Howard*, 120 AD3d 1259, 1260 [2014]; *People v Alexander*, 100 AD3d 649, 650 [2012]). In any event, the challenged summation remarks were fair comment upon the evidence, responsive to the defense's summation, or within the bounds of rhetorical comment, or otherwise do not warrant reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appear-

ing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Sirico*, 17 NY3d 744 [2011]; *People v Addison*, 107 AD3d 730, 732 [2013]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.