■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVY G. LASSITER, Appellant. [38 NYS3d 917]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 27, 2014, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not voluntary is unpreserved for appellate review, since he failed to move to withdraw his guilty plea (*see People v Pryor*, 11 AD3d 565 [2004]). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). The defendant's factual allocution to criminal possession of a controlled substance in the third degree was sufficient (*see* Penal Law §§ 10.00, 220.00 [7]; 220.16 [1]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Rosado*, 134 AD3d 1133 [2015]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Rivera*, 71 NY2d

705 [1988]; *People v Love*, 57 NY2d 998 [1982]; *People v Hernandez*, 125 AD3d 885, 886-887 [2015]; *People v Maxwell*, 89 AD3d at 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Renaud*, 137 AD3d 818, 821 [2016]; *People v Addison*, 107 AD3d 730, 732 [2013]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]). Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.