■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAMANE DEGRAFFENREID, Appellant. [40 NYS3d 911]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 10, 2014, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the [trial court] and generally will not be disturbed absent an improvident exercise of discretion" (*People v Caruso*, 88 AD3d

809, 809 [2011]; *see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780, 782 [2005]; *People v Dazzo*, 92 AD3d 796, 796 [2012]; *People v Amanze*, 87 AD3d 1159, 1159 [2011]). "[A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241 [1974]; *see People v Collier*, 22 NY3d 429, 433 [2013]). Here, the People fulfilled their promise to reduce their sentencing recommendation, and the defendant received all of the benefits of his negotiated plea. Accordingly, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to vacate his plea of guilty (*see People v Dazzo*, 92 AD3d at 796).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Addison*, 107 AD3d 730, 732 [2013]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Addison*, 107 AD3d at 732; *People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.