People v Benson (2018 NY Slip Op 05935)





People v Benson


2018 NY Slip Op 05935


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-05407
 (Ind. No. 14-00187)

[*1]The People of the State of New York, respondent,
v
Andrea Benson, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered May 12, 2015, convicting her of murder in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that her plea of guilty was not entered knowingly, voluntarily, and intelligently is not preserved for appellate review because she did not move to vacate her plea or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Dancy, 156 AD3d 717; People v Crosby, 133 AD3d 681). In any event, the contention is without merit, as the record of the plea proceedings demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536; People v Harris, 61 NY2d 9).
The defendant's purported waiver of her right to appeal was invalid because the Supreme Court's "terse colloquy" at the plea allocution failed to sufficiently advise the defendant of the nature of her right to appeal (People v Salgado, 111 AD3d 859, 859; see People v Nugent, 109 AD3d 625), and thus, does not preclude appellate review of her excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that she was denied the effective assistance of counsel is based, in part, on matter dehors the record and thus constitutes a "mixed claim" of ineffective assistance of counsel (see People v Crosby, 133 AD3d 681; People v Williams, 120 AD3d 721, 723; People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Crosby, 133 AD3d at 682; People v Duren, 130 AD3d 842; People v Williams, 120 AD3d at 724; People v Addison, 107 AD3d 730, 732; People v Freeman, 93 AD3d 805, 806).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court