People v Dickenson (2018 NY Slip Op 06107)





People v Dickenson


2018 NY Slip Op 06107


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2014-01605
 (Ind. No. 774/11)

[*1]The People of the State of New York, respondent,
v
Andre Dickenson, appellant.


Judah Maltz, Kew Gardens, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg, Joseph Mogelnicki, Daniel Bresnahan, and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered November 26, 2013, as amended February 10, 2014, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (four counts), and tampering with physical evidence, after a nonjury trial, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643). 
The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2; People v Rosado, 134 AD3d 1133, 1134-1135). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Rosado, 134 AD3d at 1134-1135; People v Fabers, 133 AD3d 616, 617-618). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Guzman, 138 AD3d 1140, 1141; People v Renaud, 137 AD3d 818, 820-821; People v Duren, 130 AD3d 842, 843).
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court