People v Johnson (2019 NY Slip Op 07608)





People v Johnson


2019 NY Slip Op 07608


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-09143 
2017-09144

[*1]The People of the State of New York, respondent,
v
Kashif Johnson, appellant. (Ind. Nos. 142/16, 24/17)


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Peter M. Forman, J.), both rendered August 10, 2017, convicting him of aggravated family offense under Indictment No. 142/16, and operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192(2) under Indictment No. 24/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas were not knowing, voluntary, and intelligent due to the County Court's failure, at sentencing, to impose the type of order of protection that had allegedly been promised at the plea proceeding is unpreserved for appellate review (see People v Lassiter, 143 AD3d 917, 917) and, in any event, belied by the record of the plea proceeding. Moreover, the court was not required to inform the defendant at the plea proceeding that it would be entering an order of protection at sentencing, since an "order of protection [is] not part of the sentence" (People v Margillo, 69 AD3d 655, 656).
The County Court providently exercised its discretion in denying the defendant's request to adjourn the sentencing hearing (see People v Davis, 118 AD3d 906, 908).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court