People v Garcia (2021 NY Slip Op 04558)





People v Garcia


2021 NY Slip Op 04558


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-13715
 (Ind. No. 636/98)

[*1]The People of the State of New York, respondent,
v
David Garcia, appellant.


Mark Diamond, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Donald Leo, J.), imposed October 29, 2019, upon his convictions of attempted murder in the second degree and robbery in the first degree (nine counts), upon jury verdicts.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
Following two separate jury trials for severed counts of an indictment, the defendant was convicted of attempted murder in the second degree and nine counts of robbery in the first degree, and following separate sentencing proceedings on October 26, 1998, and January 21, 1999, he was sentenced to an aggregate term of imprisonment of 125 years (see People v Garcia, 284 AD2d 479; People v Garcia, 284 AD2d 481). The defendant has remained incarcerated pursuant to the original sentence. In 2019, the defendant moved pursuant to CPL 440.20 to set aside the sentence on the ground that it was vindictive. Upon the People's consent to a resentence, the Supreme Court set aside the original sentence. During the resentencing proceeding, the court stated, in effect, that it lacked the discretion to consider the defendant's conduct after the original sentence was imposed, and that it was required to "put [itself] in the position of the sentencing Court as if it is the date of January 1999." The court resentenced the defendant to concurrent terms of imprisonment of 20 years each on the conviction of attempted murder in the second degree and one conviction of robbery in the first degree, to run consecutively to concurrent terms of imprisonment of 15 years each on the remaining eight convictions of robbery in the first degree, resulting in a total aggregate term of imprisonment of 35 years. The defendant appeals.
The Supreme Court erred in determining that it had no discretion to consider the defendant's conduct after the original sentence was imposed. In People v Kuey (83 NY2d 278, 282), the Court of Appeals noted that when a defendant comes before the court for resentencing, "the proper focus of the inquiry is on the defendant's record prior to the commission of the crime." However, the Court of Appeals did not purport to limit the sentencing court's discretion. Indeed, in Kuey, the Court of Appeals further noted that the defendant was "afforded the opportunity to supply information about his subsequent conduct," and that the court had discretion to order an updated presentence report regarding the defendant's subsequent conduct, if it determined that such [*2]was necessary (id. at 283; see People v Castillo, 60 Misc 3d 297, 301 [Sup Ct, Bronx County]).
Critically, unlike the resentencing proceeding in Kuey, the resentencing proceeding here was held because the original sentence was claimed to be vindictive, which is not merely a technical defect in the original sentence (cf. People v Kuey, 83 NY2d at 283), but implicates the original sentencing court's failure to have observed sentencing principles before imposing sentence. Given the context under which the resentence was directed, the resentencing court must exercise discretion and give due consideration "to, among other things, the crime charged, the particular circumstances of the individual before the [resentencing] court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305; see People v Suitte, 90 AD2d 80, 83).
Moreover, although this issue is unpreserved for appellate review, the updated presentence investigation report contained multiple significant errors, as set forth by the People during the resentencing proceeding, and failed to include an interview with the defendant because he was incarcerated. Accordingly, we remit the matter to the Supreme Court, Kings County, for the submission of a corrected and updated presentence investigation report, which shall include an interview with the defendant, and thereafter, for resentencing, at which time the court should determine, inter alia, whether or not to exercise its discretion to consider the defendant's subsequent conduct (see People v Pelige, 172 AD3d 1407; People v Robinson, 178 AD2d 443; People v Goolsby, 153 AD2d 759; People v Rice, 125 AD2d 611).
In light of the foregoing, we need not reach the defendant's remaining contentions.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court