People v Saunders (2023 NY Slip Op 04324)

People v Saunders

2023 NY Slip Op 04324

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-03277
 (Ind. No. 722/97)

[*1]The People of the State of New York, respondent, 
v
Robert Saunders, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the County Court, Orange County (Hyun Chin Kim, J.), imposed April 22, 2021, upon the granting of that branch of his motion which was pursuant to CPL 440.20 to set aside a sentence of the same court (Pano Z. Patsalos, J.) imposed December 2, 1998, upon his convictions of murder in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict.
ORDERED that the resentence is affirmed.
The defendant's contention that the County Court improperly resentenced him without obtaining an updated presentence report is unpreserved for appellate review (see CPL 470.05[2]; People v Camino, 105 AD3d 1055, 1055; People v McGinn, 96 AD3d 977, 977), and, in any event, without merit (see People v Kuey, 83 NY2d 278, 282; People v McGhee, 111 AD3d 961, 961; People v Watkins, 71 AD3d 799, 799).
The defendant's contention that his resentence should be vacated because the County Court did not afford him an opportunity to make a statement with respect to the resentence on his own behalf in violation of CPL 380.50(1), is also unpreserved for appellate review (see People v Crosby, 133 AD3d 681, 682; People v Camino, 105 AD3d at 1056), and, in any event, without merit, as the court substantially complied with the requirements of CPL 380.50 (see People v McClain, 35 NY2d 483, 491-492; People v Desius, 188 AD3d 1626, 1629; People v Crosby, 133 AD3d at 682).
The defendant's contention that the sentence is excessive may not be raised on appeal [*2]from a resentence pursuant to CPL 440.20 (see People v Chambers, 200 AD3d 944, 944; People v Chacko, 119 AD3d 955, 956; see also People v Lingle, 16 NY3d 621, 635).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court