People v Garcia (2023 NY Slip Op 06256)

People v Garcia

2023 NY Slip Op 06256

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-01374
 (Ind. No. 636/98)

[*1]The People of the State of New York, respondent,
v
David Garcia, appellant.

Craig S. Leeds, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a second resentence of the Supreme Court, Kings County (Donald Leo, J.), imposed February 1, 2022, upon his convictions of attempted murder in the second degree and robbery in the first degree (nine counts), upon jury verdicts, after remittitur from this Court for resentencing (see People v Garcia, 196 AD3d 700).
ORDERED that the second resentence is affirmed.
On October 29, 2019, the Supreme Court resentenced the defendant upon the People's consent. By decision and order dated July 28, 2021, this Court reversed the resentence and remitted the matter to the Supreme Court, Kings County, for a second resentencing in accordance therewith (see People v Garcia, 196 AD3d 700). The Supreme Court then resentenced the defendant for a second time. The defendant appeals.
The defendant's contention that the Supreme Court committed reversible error because he was not personally provided with a copy of the updated presentence investigation report to review pursuant to CPL 390.50, is unpreserved for appellate review (see CPL 470.05[2]; People v Camino, 105 AD3d 1055, 1055). In any event, the court complied with CPL 390.50(2)(a) by ensuring that defense counsel was provided with the updated presentence investigation report.
The defendant's contention that, in imposing the second resentence, the Supreme Court penalized him for exercising his right to a trial is unpreserved for appellate review (see id. § 470.05[2]; People v Hurley, 75 NY2d 887, 888; People v Perdomo, 154 AD3d 886). In any event, the record does not reflect that the court exercised any retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Hunter, 151 AD3d 1077; People v Seymore, 106 AD3d 1033, 1034).
The defendant's contention that he was deprived of the effective assistance of counsel during the second resentence proceedings is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter [*2]outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The second resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court