◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered August 20, 1987, convicting him of robbery in the second degree (four counts), criminal possession of stolen property in the first degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by the failure of the prosecutor to comply with the 15-day notice requirement of CPL 710.30 (1) (a); (2). We note, and the People concede, that there was no good cause shown for the delay in notifying the defendant. Accordingly, it was error to permit both testimony of the lineup identification and the in-court identification, and to deny the defendant's motion to preclude *(see, People v Bernier,* 73 NY2d 1006, 1008; *People v McMullin,* 70 NY2d 855; *People v Boughton,* 70 NY2d 854; *People v O'Doherty,* 70 NY2d 479, 487-488). Nevertheless, as we have recently held in *People v Pinney* (136 AD2d 573, 574), the harmless error doctrine is applicable to this type of error where "both direct and circumstantial evidence unequivocally and overwhelmingly established" the defendant's guilt. The defendant gave a signed confession admitting complicity in the robberies in question. The codefendant was arrested in the stolen getaway car, which one of the complainants identified as having been involved in the robbery. Moreover, both complainants identified the gun used in the robbery and found in the defendant's possession at the time of his arrest. In view of this overwhelming evidence of the defendant's guilt, the failure of the People to comply with the CPL 710.30 notice requirement constituted harmless error.

The defendant also contends that the sentence imposed was excessive. Although the defendant received a greater sentence than that of the codefendant, who was sentenced on a negotiated plea, a discrepancy between the sentence imposed on a codefendant after a negotiated plea, and one imposed on a defendant who proceeds to trial, does not, without more, indicate that the latter is being punished for exercising the right to proceed to trial *(see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Patterson,* 106 AD2d 520). Nor is

any such conclusion justified here. The two robberies were distinct and separate in place, time, and victims. Consecutive terms were therefore legally permissible (see, *People v Alvarez*, 135 AD2d 543, 544; *People v Sanchez*, 131 AD2d 606, 609). Moreover, the defendant, who was sentenced as a second violent felony offender, has an extensive criminal history spanning eight years. We conclude that the sentence imposed upon the defendant was not excessive (see, *People v Suitte*, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.