650

Video footage from a security camera located in a Modell's
Sporting Goods store in Freeport showed the defendant and his
accomplice, Mattie, shoplifting shoes from the store on July 2,
2008. A security guard intercepted them on their way out, held
the door closed, and told them they could not leave and had to
wait for the manager. The defendant "rammed" his body into
the guard and forced the door open. As he went through the
door, the defendant deliberately jammed his thumbs into the
left side of the guard's rib cage. Mattie "rush[ed]" into the
guard on her way out of the store. The defendant and Mattie
then ran away, in different directions.

On August 13, 2008, the pair shoplifted items from a National
Wholesale Liquidators store located in West Hempstead. When
a security guard intercepted them on their way out, the defend-
ant responded by grabbing the guard's arms and shoving him
into a wall. This time, two other security guards assisted to
tackle the defendant, who was arrested by police a short time
later. Mattie ran away.

The jury convicted the defendant of robbery in the second
degree for the Modell's incident and robbery in the third degree
for the National Wholesale Liquidators incident. The defendant
appeals.

Viewing the evidence in the light most favorable to the prose-
cution (see People v Contes, 60 NY2d 620 [1983]), we find that it
was legally sufficient to establish the defendant's guilt beyond a
reasonable doubt. Contrary to the defendant's contentions, the
People established that the defendant used force in both robber-
ies, and that he was aided by Mattie in the robbery of the
Modell's Sporting Goods store (see People v Williams, 69 AD3d
662 [2010]; People v Carr-El, 287 AD2d 731, 731-732 [2001],
affd 99 NY2d 546 [2002]; People v Green, 277 AD2d 82, 83
[2000]; cf. People v Wright, 189 AD2d 612, 612-613 [1993]).

Moreover, in fulfilling our responsibility to conduct an inde-
pendent review of the weight of the evidence (see CPL 470.15

[5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.