■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRON T. KEITH, Appellant. [39 NYS3d 808]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered March 5, 2015, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant's application for youthful offender status. Since the defendant was convicted of armed felony offenses (*see* CPL 1.20 [41] [b]; Penal Law §§ 70.02 [1] [a]; 160.15 [4]), he could only be adjudicated a youthful offender if there existed mitigating circumstances that bore directly upon the manner in which the crimes were committed, or if his participa-

tion in the crimes was "relatively minor" (CPL 720.10 [3]). Here, there were insufficient mitigating circumstances that bore directly upon the manner in which the subject robberies were committed (*see People v Garcia*, 84 NY2d 336, 341 [1994]; *People v Wright*, 44 AD3d 692 [2007]; *People v Stokes*, 28 AD3d 592 [2006]; *People v O'Neill*, 86 AD2d 213, 215 [1982]). Furthermore, the defendant's role in the crimes was not minor (*see People v Watts*, 91 AD3d 678 [2012]; *People v Henry*, 76 AD3d 1031 [2010]; *People v Joseph*, 50 AD3d 1159, 1160 [2008]).

The defendant was not deprived of the effective assistance of counsel at the sentencing proceeding. The defendant's contention that his attorneys failed to make arguments in favor of youthful offender status or for a sentence less than the one actually imposed are belied by the record (*see People v Philpot*, 99 AD3d 1025 [2012]). In addition, the defendant received an advantageous plea and sentence, and the record does not cast doubt on the apparent effectiveness of counsel (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Erwin*, 121 AD3d 710 [2014]; *People v Philpot*, 99 AD3d 1025 [2012]; *People v Portillo*, 95 AD3d 1361 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Hall, Sgroi, Miller and Brathwaite Nelson, JJ., concur.