■ The People of the State of New York, Respondent, v James Hunter, Appellant. [54 NYS3d 866]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered February 25, 2013, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is without merit, as the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, remained within the broad bounds of rhetorical comment permissible in summations, or were responsive to the summation of defense counsel (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Brown*, 135 AD3d 495 [2016]; *People v Fers*, 32 AD3d 801 [2006]).

The Supreme Court properly denied the defendant's request for an adverse inference instruction regarding the destruction of surveillance footage, as the footage was not destroyed while in the People's possession (*see People v Dei*, 2 AD3d 1459 [2003]; *People v O'Brien*, 270 AD2d 433, 434 [2000]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Gomez*, 135 AD3d 954, 957 [2016]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980]; *People v Gomez*, 135 AD3d at 957). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.