People v D.M. (2019 NY Slip Op 00307)





People v D.M.


2019 NY Slip Op 00307


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-10102
 (Ind. No. 250/13)

[*1]The People of the State of New York, respondent,
v
D.M. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Laura Boyd of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered October 1, 2014, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court did not improvidently exercise its discretion in declining to adjudicate the defendant a youthful offender. Since the defendant was convicted of armed felonies (see CPL 1.20[41]), he was eligible to have those convictions replaced with a youthful offender adjudication only if there were "mitigating circumstances that [bore] directly upon the manner in which the crime was committed" or, since the defendant was not the sole participant in the crimes, if his participation was "relatively minor" (CPL 720.10[3]; see CPL 720.10[2][a]; People v Mackson, 154 AD3d at 781). The phrase "mitigating circumstances that bear directly upon the manner in which the crime was committed," connotes "[f]actors directly' flowing from and relating to defendant's personal conduct while committing the crime," and generally does not include a "defendant's age, background [and] criminal history" (People v Garcia, 84 NY2d 336, 342). Here, examining the defendant's personal conduct, which included, on one occasion, pointing what appeared to be a firearm at an individual and taking his property and, on another occasion, taking property from another individual while a codefendant pointed what appeared to be a firearm, there are insufficient mitigating circumstances bearing directly upon the manner in which the crimes were committed (see People v Henry, 76 AD3d 1031; see also People v Keith, 144 AD3d 705, 706). Moreover, although the defendant was not the sole participant in the crimes, the defendant's participation cannot be described as relatively minor (see People v Mackson, 154 AD3d at 781; People v Keith, 144 AD3d at 706). Accordingly, we affirm the judgment.
RIVERA, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court