People v Morales (2020 NY Slip Op 07398)





People v Morales


2020 NY Slip Op 07398


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2013-06892
 (Ind. No. 10529/11)

[*1]The People of the State of New York, respondent,
v
Nelson Morales, appellant.


Janet E. Sabel, New York, NY (Jonathan R. McCoy of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan Marrus, J.), rendered June 20, 2013, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At approximately 2:20 a.m. on December 12, 2011, Police Officer Peter Figoski was shot in the face when he and his partner responded as backup to a call to the 911 emergency number of a burglary in progress at a house in Brooklyn. The officer was rushed to the hospital, where he died shortly thereafter. Five people were arrested and indicted in connection with the burglary and shooting: Lamont Pride, the alleged shooter, as well as the defendant and his alleged accomplices in the burglary, Kevin Santos, Ariel Tejada, and Michael Velez. The defendant and the codefendant, Kevin Santos, were tried jointly, but before two separate juries. Following trial, the defendant and the codefendant were each convicted of murder in the second degree (Penal Law § 125.25[3]) and burglary in the first degree (Penal Law § 140.30[1]). The codefendant's conviction was affirmed on appeal (see People v Santos, 150 AD3d 1270).
The defendant's contention that the testimony of the People's witnesses at the suppression hearing was insufficient to show that he consented to accompany the police to the police precinct where he made various statements was not asserted at the suppression hearing and, thus, is unpreserved for appellate review (see CPL 470.05[2]; People v Turriago, 90 NY2d 77, 84; People v McCalla, 172 AD3d 750, 751), and we decline to review it in the interest of justice. We agree with the Supreme Court's conclusion that the statements defendant made at the precinct prior to the administration of Miranda warnings were not the product of a custodial interrogation (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585). The statements were made during interviews with detectives who initially believed the defendant was a witness and after the defendant expressed his willingness to cooperate with the police investigation. Under those circumstances, a reasonable person, innocent of any crime, would not have believed that he was in custody (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585; People v Jemmott, 125 AD3d 1005, 1006). The [*2]evidence at the suppression hearing concerning the nature and duration of the interrogation that occurred after defendant was advised of, and voluntarily waived, his Miranda rights, supported the court's further conclusion that the defendant's post-Miranda statements were voluntarily given (see People v Jin Cheng Lin, 26 NY3d 701, 725; People v Glasper, 160 AD2d 723, 724). The court properly refused to exclude evidence of the defendant's statements regarding Lamont Pride (see CPL 710.30).
The defendant's contention that the trial court should have conducted an in camera review of the recordings of Tejada's telephone calls from jail to determine whether any of those calls constituted undisclosed Rosario material (People v Rosario, 9 NY2d 286) is unpreserved for appellate review (see CPL § 470.05(2); People v Feerick, 93 NY2d 433, 452; People v Reeves, 180 AD3d 936, 938), and we decline to reach it in the interest of justice.
The defendant's contention that the trial court erred in denying his request to submit criminal trespass in the second degree to the jury as a lesser included offense of burglary in the first degree is without merit. "To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Stevens, 171 AD3d 1106, 1108; see CPL 300.50[1]; People v James, 11 NY3d 886, 888; People v Faulk, 185 AD3d 953, 957). Viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705; People v Stevens, 171 AD3d at 1108), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Faulk, 185 AD3d at 957).
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court