People v Alvardo (2022 NY Slip Op 01800)





People v Alvardo


2022 NY Slip Op 01800


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-11835
 (Ind. No. 2849/17)

[*1]The People of the State of New York, respondent,
v
Pablo Alvardo, appellant.


Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Emily Aguggia on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered September 13, 2018, convicting him of robbery in the third degree, grand larceny in the fourth degree, attempted assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After a jury trial, the defendant was convicted of robbery in the third degree and related crimes arising from the theft of a cell phone from an individual on August 3, 2017. The complainant testified at trial that the defendant took his cell phone from his hand, then punched and kicked him when he asked for it to be returned. The defendant fled with the phone but was identified a short time later by the complainant during a subsequent police-escorted canvass of the area. Noticing the defendant's alleged state of intoxication, the arresting police officer had the defendant transported directly to a hospital following his arrest.
The defendant failed to preserve for appellate review his contentions that the People failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite intent, and that the People failed to prove his guilt of robbery in the third degree by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Alston, 42 AD3d 468, 469). In any event, the general rule is that "an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Zapata, 98 AD3d 539, 540 [internal quotation marks omitted]; see People v Fenelon, 148 AD3d 1051, 1052). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent to support all of the crimes of which he was convicted (see People v Price, 174 AD3d 741, 741-742; People v Alston, 77 AD3d 762, 763), and that the defendant used force to overcome resistance to the taking of property, to support his robbery conviction (see People v Gordon, 23 NY3d 643, 651; People v Marcus, 171 AD3d 1093, 1094; People v McNeil, 86 AD3d 650).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's conclusions that the defendant was not so intoxicated as to be unable to form the requisite intent and that the defendant used force to overcome resistance to the taking of property were supported by the weight of the evidence (see People v Romero, 7 NY3d 633; People v Fulgencio, 168 AD3d 1094, 1095).
The defendant's contention that the prosecutor's summation remarks constituted reversible error is largely unpreserved for appellate review, as, with respect to a majority of the challenged remarks, the defendant failed to object, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on this ground (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People v Willis, 165 AD3d 984, 985). In any event, the remarks alleged to be prejudicial constituted a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396), or were harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that any errors in this regard might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Ogilvie, 197 AD3d 730).
Finally, upon reviewing the record as a whole, we conclude that the defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court