People v Adams (2022 NY Slip Op 05095)

People v Adams

2022 NY Slip Op 05095

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2017-08306
 (Ind. No. 9324/14)

[*1]The People of the State of New York, respondent,
v
Quincy Adams, appellant.

Twyla Carter, New York, NY (Steven J. Miraglia of counsel), for appellant, and appellant pro se.
Letitia James, Attorney General, New York, NY (Lisa E. Fleischmann, Margaret A. Cieprisz, Paul B. Lyons, and James Gibbons of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 21, 2017, convicting him of criminal sale of a firearm in the first degree (two counts) and criminal sale of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The contention, raised in the defendant's pro se supplemental brief, that the search warrant authorizing the search of the suitcase confiscated from a bus bound for New York from Florida, and discovered to contain multiple firearms, was not supported by probable cause, and that the Supreme Court thus erred in denying that branch of the defendant's omnibus motion which was to suppress this physical evidence, is not preserved for appellate review, as the defendant failed to raise this specific contention before the Supreme Court (see People v Jacquin, 71 NY2d 825, 826-827; People v Toellner, 299 AD2d 567). In any event, this contention is without merit. The defendant not only failed to establish his standing to seek suppression of this physical evidence (see People v Ramirez-Portoreal, 88 NY2d 99, 108-109), but, contrary to his contention, the search warrant affidavit provided sufficient information to support a reasonable belief that firearms would [*2]be found in the suitcase (see People v Mack, 196 AD3d 603, 604).
The defendant's challenges to a supplemental jury instruction, also raised in his pro se supplemental brief, is unpreserved for appellate review (see CPL 470.05[2]). In any event, the Supreme Court responded meaningfully to the jury's inquiry (see People v Tactikos, 187 AD3d 800, 802).
Contrary to the defendant's contention, "[a] review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial" (People v Griffin, 98 AD3d 688, 690). We note that "a discrepancy between the sentence imposed on a codefendant after a negotiated plea, and one imposed on a defendant who proceeds to trial, does not, without more, indicate that the latter is being punished for exercising the right to proceed to trial" (People v Taylor, 155 AD2d 630, 630; see People v Leduc, 140 AD3d 1305, 1307). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, raised in his pro se supplemental brief, is unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court