People v Komynar (2022 NY Slip Op 06139)

People v Komynar

2022 NY Slip Op 06139

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2018-01680
 (Ind. No. 7884/14)

[*1]The People of the State of New York, respondent,
v
Andriy Komynar, appellant.

Patricia Pazner, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered November 30, 2017, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish that he intended to cause physical injury to the victim is unpreserved for appellate review (see People v Ranot, 194 AD3d 967). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted with the requisite intent to cause physical injury to the victim (see Penal Law §§ 10.00[9]; 120.05[2]), which may be inferred from the defendant's conduct and the surrounding circumstances (see People v Dietz, 97 AD3d 692; People v Williams, 160 AD2d 753). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by defense counsel's failure to request that the Supreme Court charge the jury on assault in the third degree as defined in Penal Law § 120.00(2) as a lesser-included offense of assault in the second degree, as there was no reasonable view of the evidence under which the jury could have found that the defendant committed the lesser offense but not the greater offense (see CPL 300.50[1]; People v Brevard, 175 AD3d 1419, 1420; People v Peralta, 168 AD2d 466). Further, defense counsel's failure to object to certain improper comments made by the prosecutor during summation did not deprive the defendant of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147; People v Dixon, 184 AD3d 854, 855). Viewed in their totality, the circumstances reveal that defense counsel provided meaningful representation (see Strickland v Washington, 466 US 668; People v [*2]Clark, 28 NY3d 556, 562-563; People v Craig, 187 AD3d 1039, 1041).
The defendant's contention that he was deprived of a fair trial as a result of certain remarks made by the prosecutor during summation is unpreserved for appellate review, as the defendant either failed to object or made only general objections, failed to request curative instructions, and failed to move for a mistrial on this ground (see CPL 470.05[2]; People v Alvardo, 203 AD3d 941, 942). In any event, most of the challenged remarks were responsive to the defense summation, within the bounds of permissible rhetorical comment, or constituted fair comment on the evidence (see People v Anderson, 197 AD3d 713, 713-714). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Ingrassia, 207 AD3d 751, 752; People v Matthews, 195 AD3d 864, 865), and any other error in this regard was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that such errors might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242; People v Alvardo, 203 AD3d at 943).
The defendant has completed the term of imprisonment imposed upon his conviction, and the period of postrelease supervision imposed upon his conviction has expired. Thus, the defendant's contention that the sentence imposed was excessive has been rendered academic (see People v Zapata, 205 AD3d 740; People v Griffin, 93 AD3d 807).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court