People v Frazier (2022 NY Slip Op 07449)

People v Frazier

2022 NY Slip Op 07449

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-02490
 (Ind. No. 1022/16)

[*1]The People of the State of New York, respondent,
v
Canaan Frazier, appellant.

Twyla Carter, New York, NY (Lawrence T. Hausman and DLA Piper, LLP (US) [David S. Sager, Gina Trimarco, and Patricia C. Zapata], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Denise Pavlides, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered January 4, 2019, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in declining to adjudicate the defendant a youthful offender. One exception to eligibility for youthful offender treatment is where, as here, a defendant was convicted of an armed felony offense (see CPL 720.10[2][a][ii]; 1.20[41]; People v Allen, 206 AD3d 669, 670). Under these circumstances, a defendant is eligible to have this conviction replaced with a youthful offender adjudication only if there existed "mitigating circumstances that [bore] directly upon the manner in which the crime was committed," or if his or her participation in the crime was "relatively minor" (CPL 720.10[3]; see CPL 720.10[2][a]; People v Rosado, 173 AD3d 776, 777; People v Mackson, 154 AD3d 780, 781). "The phrase 'mitigating circumstances that bear directly upon the manner in which the crime was committed,' connotes '[f]actors "directly" flowing from and relating to defendant's personal conduct while committing the crime,' and generally does not include 'a defendant's age, background [and] criminal history'" (People v D.M., 168 AD3d 879, 880, quoting People v Garcia, 84 NY2d 336, 342; see People v Cherry, 178 AD3d 718, 718). Here, there were insufficient mitigating circumstances bearing directly upon the manner in which the crime was committed (see CPL 720.10[3]; People v Garcia, 84 NY2d at 342; People v Keith, 144 AD3d 705, 706), and the defendant's participation in the crime was not relatively minor (see CPL 720.10[3]; People v Cherry, 178 AD3d at 718-719; People v D.M., 168 AD3d at 880; People v Henry, 76 AD3d 1031, 1031). Since the court found that the defendant did not satisfy the eligibility exceptions for youthful offenders convicted of armed felonies, there was no need for it to provide the reasons for its determination on the record (see People v Minemier, 29 NY3d 414, 421).
Contrary to the defendant's contention, the period of postrelease supervision imposed as part of the sentence was not excessive (see People v Allen, 206 AD3d at 671; People v Suitte, 90 AD2d 80).
The defendant's contention that the mandatory surcharges and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see CPL 470.05[2]; People v Taylor, 209 AD3d 772). In any event, based on the record before us, we decline to waive the mandatory surcharges and fees on this appeal.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court