People v Taylor (2024 NY Slip Op 01025)

People v Taylor

2024 NY Slip Op 01025

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2017-03399
 (Ind. No. 5571/15)

[*1]The People of the State of New York, respondent,
v
Desean Taylor, appellant.

Patricia Pazner, New York, NY (Olivia Gee and Martin Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered January 10, 2017, convicting him of criminal possession of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a firearm arising out of the shooting of a firearm on a public street in Brooklyn. At trial, the People introduced, inter alia, surveillance video footage that they alleged depicted, among other things, the defendant walking immediately after firing a gun.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of criminal possession of a firearm was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Although the police did not recover the firearm at issue, the video footage depicted an individual, whom the police identified as the defendant, carrying a gun in his left hand. In addition, the police witnesses testified that they saw and heard the defendant repeatedly shoot a gun into the air and recovered shell casings from the area in which they saw the defendant shooting the gun. A ballistics expert testified that the shell casings were all discharged from the same weapon (see People v Edwards, 81 AD3d 848, 848).
The defendant's challenge to the Supreme Court's supplemental jury instruction on the element of the operability of the firearm is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court responded meaningfully to the jury's inquiry (see People v Adams, 208 AD3d 895, 896).
The defendant's contentions regarding certain remarks and commentary made by the prosecutor during trial are largely unpreserved for appellate review and, in any event, without merit [*2](see CPL 470.05[2]; People v Sherwood, 178 AD3d 1093, 1094). Moreover, as the defendant either did not object to the summation remarks at issue, made only a general objection, or failed to request further curative relief or make a timely motion for a mistrial on the specific grounds now asserted on appeal, his contention that the prosecutor's summation remarks deprived him of a fair trial is also unpreserved for appellate review (see CPL 470.05[2]; People v Ambers, 115 AD3d 671, 672). In any event, most of the challenged summation remarks were either fair comment on the evidence or responsive to defense counsel's summation (see People v Halm, 81 NY2d 819, 821; People v Komynar, 210 AD3d 698, 700). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Komynar, 210 AD3d at 700).
The defendant's contention that the mandatory surcharges and fees levied at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review, and, in any event, without merit (see People v Frazier, 211 AD3d 1033, 1034; People v Taylor, 209 AD3d 772, 773).
The defendant's remaining contentions are without merit.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court