People v Rose (2024 NY Slip Op 01824)

People v Rose

2024 NY Slip Op 01824

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-06213
 (Ind. No. 238/19)

[*1]The People of the State of New York, respondent,
v
Roosevelt Rose, appellant.

Joseph A. Hanshe, Sayville, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered March 10, 2020, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in denying his request to charge attempted grand larceny in the fourth degree as a lesser included offense of grand larceny in the fourth degree is without merit. "To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Morales, 189 AD3d 1075, 1076-1077 [internal quotation marks omitted]). The defendant established the first prong of the test (see People v Garcia, 199 AD3d 701, 703). However, viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705; People v Morales, 189 AD3d at 1077), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Olivo, 52 NY2d 309, 321; People v Yagudayev, 91 AD3d 888, 890-891; People v Mitchell, 202 AD2d 448, 449).
Moreover, contrary to the defendant's contention, the County Court did not deprive him of the right to self-representation at his sentencing hearing (see People v Ambrosio, 189 AD3d 868, 868; cf. People v Paulin, 140 AD3d 985, 986-987). "A criminal defendant has a constitutional right to self-representation. However, the right to self-representation is not . . . unfettered" (People v Littlejohn, 92 AD3d 898, 898 [citations and internal quotation marks omitted]). "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (People v Wingate, 184 AD3d 738, 738 [internal quotation marks omitted]; see People v Gillian, 8 NY3d 85, 88). Here, to the extent the defendant sought to proceed pro se at his sentencing hearing, his request was not unequivocal. "Rather, the [defendant's] request was made in the context [*2]of expressing dissatisfaction with assigned counsel," who was appointed following the defendant's conviction, and "did not reflect an affirmative desire for self-representation" (People v Ested, 129 AD3d 858, 859 [internal quotation marks omitted]; see People v Gillian, 8 NY3d at 88; People v Jackson, 97 AD3d 693, 694).
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court