People v Ison (2024 NY Slip Op 02210)

People v Ison

2024 NY Slip Op 02210

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2018-08090
 (Ind. No. 1384/16)

[*1]The People of the State of New York, respondent, 
v
Jerry Ison, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 7, 2018, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 16 years to life; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the record as a whole established that the defendant unequivocally, knowingly, voluntarily, and intelligently waived his right to be represented by counsel (see People v Hisler, 158 AD3d 819, 820; People v Anderson, 94 AD3d 1010, 1012). The Supreme Court adequately and repeatedly warned the defendant of the inherent risks in proceeding pro se and sufficiently evaluated the defendant's personal characteristics with respect to his ability to proceed pro se. In response to the court's inquiry, the defendant steadfastly maintained over the course of two pretrial proceedings that he wished to proceed pro se (see People v Cucchiara, 174 AD3d 816, 817, People v Hisler, 158 AD3d at 820).
The defendant's contention that certain remarks made by the prosecutor during her summation were improper and deprived him of a fair trial is unpreserved for appellate review, as he failed to object to any statements made by the prosecutor during her summation (see CPL 470.05[2]; see People v Komynar, 210 AD3d 698, 700; People v Ingrassia, 207 AD3d 751, 752). We decline to review the unpreserved contention in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request to instruct the jury on criminal trespass in the second degree. Pursuant to CPL 300.50(1), for a defendant to be entitled to an instruction on a lesser included offense, the defendant must demonstrate that "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." Viewing the record in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 120-121; People v Morales, 189 AD3d 1075, 1077), there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense of criminal trespass [*2]in the second degree but not burglary in the second degree (see People v Morales, 189 AD3d at 1077; People v Faulk, 185 AD3d 953, 957).
Contrary to the defendant's contention, he was properly adjudicated a mandatory persistent violent felony offender (see Penal Law § 70.08). The record demonstrates that the People provided the defendant with the required statement pursuant to CPL 400.15(6) several months before the sentencing hearing, and that the defendant did not request a hearing regarding the statement (see id.). There was also sufficient evidence that the defendant was a persistent violent felony offender (see People v Kaval, 39 NY3d 1081, 1083).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court