People v Bradshaw (2024 NY Slip Op 03761)

People v Bradshaw

2024 NY Slip Op 03761

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01255
2022-01263

[*1]The People of the State of New York, respondent, 
v
Glenn Bradshaw, appellant. (Ind. Nos. 193/18, 69/20) 

Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered January 20, 2022, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), under Indictment No. 69/20, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 20, 2022, revoking a sentence of probation previously imposed by the same court under Indictment No. 193/18, upon a finding that he had violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the third degree.
ORDERED that the judgment and the amended judgment are affirmed.
The defendant's trial took place at a time when COVID-19-related protocols required individuals in the courtroom, including the defendant, to wear a face mask. The defendant contends that the prosecutor violated his right to a fair trial when the prosecutor told the jury, during summation, that it may send a note asking the County Court to direct the defendant to remove his mask to show his face. However, as the defendant did not object to the summation remark at issue or make a timely motion for a mistrial on the specific grounds now asserted on appeal, his contention that the prosecutor's summation remark deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Ambers, 115 AD3d 671, 672). To the extent that the defendant's claim that he did raise an objection to the summation remark at issue is based on matter dehors the record, it is not reviewable on direct appeal (see People v Boyce, 118 AD3d 1016, 1017). In any event, the prosecutor's summation remark was responsive to defense counsel's summation comments (see People v Halm, 81 NY2d 819, 821; People v Komynar, 210 AD3d 698, 700). To the extent that the prosecutor's remark was improper, it was not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Komynar, 210 AD3d at 700).
Contrary to the defendant's contention, the record does not reflect that the County Court exercised any retaliation or vindictiveness against the defendant for electing to proceed to trial under Indictment No. 69/20 (see People v Garcia, 222 AD3d 659, 660; People v Hunter, 151 AD3d 1077). Moreover, the sentences imposed under Indictment Nos. 193/18 and 69/20 were not [*2]excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court