People v Abreu (2025 NY Slip Op 00874)

People v Abreu

2025 NY Slip Op 00874

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2019-07489
 (Ind. No. 1952/18)

[*1]The People of the State of New York, respondent,
v
Benito Abreu, appellant.

Patricia Pazner, New York, NY (William G. Kastin and Joshua M. Levine of counsel; Elijah Giuliano on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Lucy E. Pannes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered June 11, 2019, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his actions of entering the complainant's home without permission, stabbing her in the back in front of children, and causing her life-threatening injuries, the defendant was convicted of attempted murder in the second degree, two counts of burglary in the first degree, and related offenses.
The defendant's contention that the People failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite intent is without merit. The general rule is that "an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Zapata, 98 AD3d 539, 540 [internal quotation marks omitted]; see People v Fenelon, 148 AD3d 1051, 1052). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent to support all of the crimes charged (see People v Price, 174 AD3d 741, 741-742; People v Alston, 77 AD3d 762, 763).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's conclusion that the defendant was not so intoxicated as to be unable to form the requisite intent was supported by the weight of the [*2]evidence (see People v Romero, 7 NY3d 633; People v Alvardo, 203 AD3d 941; People v Fulgencio, 168 AD3d 1094, 1095).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court