People v Johnson (2025 NY Slip Op 04106)

People v Johnson

2025 NY Slip Op 04106

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-08387
 (Ind. No. 2820/08)

[*1]The People of the State of New York, respondent,
v
Daqwan Johnson, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Nassau County (Tammy S. Robbins, J.), imposed July 24, 2023, upon the granting of his motion pursuant to CPL 440.20 to set aside a sentence of the same court imposed August 26, 2011, upon his convictions of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict.
ORDERED that the resentence is affirmed.
The defendant was convicted, inter alia, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1], [3]), which constitute armed felonies (see CPL 1.20[41]; Penal Law § 70.02[1][b]). On March 6, 2023, the defendant moved pursuant to CPL 440.20 to set aside his sentence and to be resentenced on the ground that the Supreme Court never made a determination as to his eligibility for youthful offender status. By order dated May 16, 2023, the court granted the defendant's motion. Upon resentencing, the court determined that the defendant was not eligible for youthful offender treatment and resentenced the defendant to the original sentence. The defendant appeals from the resentence.
The Supreme Court providently exercised its discretion in denying the defendant's application for youthful offender status. One exception to eligibility for youthful offender treatment is where, as here, a defendant was convicted of an armed felony offense (see id. §§ 720.10[2][a][ii]; 1.20[41]; People v Allen, 206 AD3d 669, 670). Under these circumstances, a defendant is eligible to have the conviction replaced with a youthful offender adjudication only if there existed "mitigating circumstances that bear directly upon the manner in which the crime was committed," or if his or her participation in the crime was "relatively minor" (CPL 720.10[3][i], [ii]; see 720.10[2][a]; People v St. Hill, 211 AD3d 753, 754; People v Allen, 206 AD3d at 670; People v Rosado, 173 AD3d 776, 777; People v Keith, 144 AD3d 705, 705). "The phrase 'mitigating circumstances that bear directly upon the manner in which the crime was committed,' connotes '[f]actors directly flowing from and relating to defendant's personal conduct while committing the crime,' and generally does not include 'a defendant's age, background [and] criminal history'" (People v D.M., 168 AD3d 879, 880 [internal quotation marks omitted], quoting People v Garcia, [*2]84 NY2d 336, 342; see People v Cherry, 178 AD3d 718, 718). Here, the defendant did not argue that his participation in the crimes was relatively minor, and there were insufficient mitigating circumstances bearing directly upon the manner in which the crimes were committed (see CPL 720.10[3]; People v Garcia, 84 NY2d at 342; People v Frazier, 211 AD3d 1033, 1033; People v Keith, 144 AD3d at 706).
Since the Supreme Court determined that the defendant did not satisfy the eligibility exceptions for youthful offenders convicted of armed felonies, there was no need for the court to provide the reasons for its determination on the record (see People v Minemier, 29 NY3d 414, 421; People v Frazier, 211 AD3d at 1033).
Accordingly, we affirm the resentence.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court