People v Jones (2025 NY Slip Op 06184)

People v Jones

2025 NY Slip Op 06184

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2019-01656
 (Ind. No. 8400/16)

[*1]The People of the State of New York, respondent,
v
Ernest Jones, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, Andrew S. Durham, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered December 10, 2018, convicting him of murder in the second degree, assault in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of 20 years to life on the conviction of murder in the second degree, to run consecutively to a determinate term of imprisonment of 20 years, to be followed by 5 years of postrelease supervision, on the conviction of assault in the first degree, both foregoing sentences to run concurrently with concurrent determinate terms of imprisonment of 10 years, to be followed by 5 years of postrelease supervision, on the remaining convictions.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of assault in the first degree from a determinate term of imprisonment of 20 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crimes of criminal possession of a weapon in the second degree.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Silverstein, 236 AD3d 827, 829). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643-644).
The imposition of consecutive sentences for murder in the second degree and assault in the first degree was not illegal, as the evidence supported the conclusion that the two victims were struck by separate bullets and, therefore, the crimes against them were separate and distinct criminal acts (see Penal Law § 70.25[2]; People v Munnerlyn, 193 AD3d 981, 983; People v Smalls, 145 AD3d 802, 803). Moreover, we note that "'a discrepancy between the sentence imposed on a codefendant after a negotiated plea, and one imposed on a defendant who proceeds to trial, does not, without more, indicate that the latter is being punished for exercising the right to proceed to trial'" [*2](People v Adams, 208 AD3d 895, 896, quoting People v Taylor, 155 AD2d 630, 630; see People v Johnson, 165 AD3d 1287, 1288).
The defendant's contention that the grand jury proceeding was impaired because an accomplice witness gave certain perjured testimony is without merit. A grand jury proceeding is "defective," warranting dismissal of the indictment, only where the proceeding "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]; see People v Williams, 171 AD3d 804, 805; People v Rad, 71 AD3d 1167, 1167). "The exceptional remedy of dismissal . . . under CPL 210.35(5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (People v Blackwood, 231 AD3d 1165, 1167 [internal quotation marks omitted]; see People v Sealy, 181 AD3d 893, 894). Here, the Supreme Court properly determined that the indictment was sufficiently supported by competent evidence, the false testimony did not impair the integrity of the grand jury proceeding, and the false testimony did not result in possible prejudice to the defendant (see People v Smith, 186 AD3d 1269, 1269; People v Baptiste, 160 AD3d 976, 978).
The sentence imposed was excessive to the extent indicated (see People v Suite, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, that the Supreme Court denied him due process and a fair trial and that he was deprived of the effective assistance of counsel are without merit.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court